# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BRENTH SMITH and          )
STEPHANIE SMITH,          )
         )
      Plaintiffs,          )
         )
v.          )       **Case No. CIV-15-1223-R**
         )
POLARIS SALES, INC., and          )
POLARIS INDUSTRIES, INC.,          )
         )
      Defendants.          )

## <u>ORDER</u>

Before the Court is the motion of Polaris Industries, Inc., and Polaris Sales, Inc., for costs and to stay all proceedings until such costs are paid. The motion is brought pursuant to F.R.Civ.P. 41(d). That rule provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the claim against the same defendant" the court may order the plaintiff to pay all or part of the costs of the previous action and may stay the proceeding until the plaintiff has paid such costs. F.R.Civ.P. 41(d). In this case, Plaintiffs previously dismissed their state court action involving the same claims against the moving Defendants after litigating the case for approximately one year. Defendants seek recovery for their legal expenses of filing answers and affirmative defenses in the amount of $842.50, their costs and fees for filing three *pro hac vice* applications for national counsel in the state court action in the amount of $1,120.30 and their legal expenses of opposing Plaintiffs' motion to compel, both in terms of briefing and attendance of hearings, in the amount of $5,649.50. Defendants contend that these are

costs and fees for activities that have no use in this federal court action. Defendants point out that they do not seek reimbursement for many other costs, including the costs and fees associated with fact witness depositions, vehicle inspection, or the exchange of written discovery and document production.

Plaintiffs, however, contend that Defendants falsely claim that the work they did is not usable in this case. They assert that all the work and costs incurred by Defendants in the prior case is helpful and has contributed or will contribute to the defense of this case. However, Plaintiffs focus on the use of this work in the prior state court action, not in this case. But they do claim that an agreement was reached on some of the discovery sought in the motion to compel, rendering the motion moot in part. Plaintiffs also argue that requiring them to pay fees at this time would impose a financial hardship on them.

The decision whether to impose costs and attorney's fees under Rule 41(d) is in the discretion of the trial court. *Meredith v. Stovall*, 216 F.3d 1087, 2000 WL 807355 at *1 (10th Cir. June 23, 2000)(No. 99-3350)(unpublished). "The purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." *Oteng v. Golden Star Resources, Ltd.*, 615 F.Supp.2d 1228, 1240 (D. Colo. 2009). The Colorado District Court noted that there appears to be a split of authority as to whether Rule 41(d) authorizes recovery of attorney's fees, but observed that a majority of courts find that attorney's fees are available under Rule 41(d). And the Tenth Circuit has indicated that they are. *See Meredith, supra.* The conditions of Rule 41(d) are met and

Plaintiffs have not advanced any good reasons not to impose costs against them.  *Accord*, *A.D. Arney v. Glaxo Smith Kline*, 2015 WL 867646 at *1 (W.D. Okla. 2015).

However, noting the similarity of the Answer filed in this case and that filed in state court, the Court finds that work is usable herein.   The *pro hac vice* filings are also usable herein.   Only a portion of the fees incurred in responding to the motion to compel are not usable herein inasmuch as Defendants apparently agreed to produce certain documents in response to Plaintiffs' motion to compel and Defendants' motion to compel Plaintiffs' depositions was granted in the state court action.   Thus, in conclusion, the Court finds that costs and attorney's fees in the amount of $4,000.00 should be awarded to Defendants and taxed against Plaintiffs pursuant to F.R.Civ.P. 41(d) and that this action should be stayed until Plaintiffs have paid these costs.

IT IS SO ORDERED this 18th day of February, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE